United States District Court
District of Massachusetts

|  |  |  |
|---|---|---|
| PATRICK SKRABEC, ET AL., | ) | |
| Plaintiffs, | ) | |
| v. | ) | Civil Action No. |
|  | ) | 15-10673-NMG |
| TOWN OF NORTH ATTLEBORO, ET AL., | ) | |
| Defendants. | ) | |

## MEMORANDUM & ORDER

**GORTON, J.**

This case derives from the arrest and subsequent prosecution of Patrick Skrabec ("Patrick"), who is now deceased. Plaintiffs Patrick and his parents, Neil and Mary Ann Skrabec (collectively, "plaintiffs"), allege that defendants the Town of North Attleboro, Detective Daniel Arrighi and Officers Josh McMahon and Kevin McKeon (collectively, "defendants") conspired to violate and violated 42 U.S.C. § 1983 and that their conduct constituted 1) negligence 2) negligent infliction of emotional distress and 3) malicious prosecution. Plaintiffs further claim that defendants' conduct resulted in the loss of consortium between Patrick and his parents.

This Court allowed defendants' unopposed motion for summary judgment on all counts and plaintiffs' motion to alter that

judgment is now before the Court. For the reasons that follow, that motion will be denied.

I.  **Factual and Procedural Background**

In December, 2012, when he was 17 years old, Patrick admittedly told his high school classmates that "he would like to shoot up the school". A parent of another student told the North Attleboro Police Department that he was concerned about safety at the school based on Patrick's comments. Later that month, after Detective Arrighi conducted an investigation and interviewed Patrick, he was arrested and the Bristol County District Attorney's Office ("the D.A.'s Office") charged him with making a bomb or hijack threat under M.G.L. c. 269, § 14.

The D.A.'s Office issued a <u>nolle prosequi</u> of the original complaint in February, 2013. Contemporaneously, it charged Patrick with the misdemeanor offenses of threatening to commit a crime, M.G.L. c. 275, § 2, and disturbing a school assembly, M.G.L. c. 272, § 40. In April, 2013 the Attleboro Division of the Massachusetts District Court Department denied Patrick's motion to dismiss the charges against him based on a lack of probable cause and in February, 2014 a jury acquitted him of both charges.

The following year, plaintiffs filed suit in this Court alleging that when defendants arrested and prosecuted Patrick, they 1) conspired to violate and violated 42 U.S.C. § 1983,

2) acted negligently, 3) negligently inflicted upon him emotional distress, 4) committed malicious prosecution and 5) deprived plaintiffs of consortium. Defendants answered in due course, denying all substantive allegations and raising several affirmative defenses. In September, 2015, this Court held a scheduling conference and instructed the parties to file dispositive motions by October 31, 2016 and oppositions by November 30, 2016.

On October 28, 2016, defendants filed a motion for summary dismissal of all claims against them. By late December, 2016, eight weeks after defendants had filed their motion for summary judgment and more than three weeks after plaintiffs' opposition was due, plaintiffs had neither opposed the motion nor requested an extension of time to do so. This Court determined, based upon the unopposed motion, that defendants were entitled to summary judgment and allowed their motion. On December 30, 2016, plaintiffs filed a motion to alter the judgment which defendants timely opposed and is the subject of this memorandum and order.

## II. Motion to Alter the Judgment

### A. Legal Standard

Federal Rule of Civil Procedure 60(b)(1) authorizes setting aside a judgment on the grounds of "mistake, inadvertence, surprise, or excusable neglect." "[E]xcusable neglect" is a

-3-

broad category that includes "inadvertence, mistake, or carelessness, as well as [] intervening circumstances beyond the party's control." Nansamba v. N. Shore Med. Ctr., Inc., 727 F.3d 33, 38 (1st Cir. 2013) (quoting Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship, 507 U.S. 380, 388 (1993)).

Courts determine whether excusable neglect has occurred with an equitable analysis that examines the totality of the circumstances. Id. at 38-39. Among other factors, courts consider 1) the explanation for the delay, 2) whether the non-movant will be prejudiced and 3) whether the party requesting relief acted in good faith. Rivera-Velazquez v. Hartford Steam Boiler Inspection & Ins. Co., 750 F.3d 1, 4 (1st Cir. 2014). The pivotal factor "is the reason for the particular oversight." Id. (quoting Nansamba, 727 F.3d at 39). "At a bare minimum" the party seeking to alter the judgment "must offer a convincing explanation as to why the neglect was excusable." Nansamba, 727 F.3d at 39. Ultimately, a request for relief pursuant to Rule 60(b) is "committed to the district court's sound discretion." Stonkus v. City of Brockton Sch. Dep't, 322 F.3d 97, 100 (1st Cir. 2003).

While many courts broadly allow relief under Rule 60(b), the First Circuit Court of Appeals ("First Circuit") "has taken a harsher tack." Davila-Alvarez v. Escuela de Medicina Universidad Cent. del Caribe, 257 F.3d 58, 64 (1st Cir. 2001).

That Court has held that Rule 60 relief is "extraordinary in nature and . . . should be granted sparingly." Rivera-Velazquez, 750 F.3d at 3 (quoting Karak v. Bursaw Oil Corp., 288 F.3d 15, 19 (1st Cir. 2002)). A party requesting such relief must demonstrate "exceptional circumstances." Id. (quoting Karak, 288 F.3d at 19).

**B. Application**

Plaintiffs move for relief under Fed. R. Civ. P. 60(b)(1) on the grounds of excusable neglect. They assert that, based on emails from defendants' counsel, they believed that a settlement was forthcoming and that defense counsel would not object to a late opposition to the summary judgment motion. They further contend that exceptional circumstances exist because Patrick unexpectedly died at the age of 21 on October 20, 2016 and that they acted in good faith.

Defendants respond that 1) they never indicated that they would agree to a settlement, 2) plaintiffs neither discussed an extension of time to oppose the summary judgment motion with them nor requested that the Court extend the deadline and 3) the assumption of plaintiffs' counsel that there was no need to request an extension of the deadline was not only procedurally incorrect it was something other than excusable neglect.

Defendants' contention is well taken. First, the explanation given for the omission fails to show that the

neglect was excusable.  As the First Circuit has observed, "routine carelessness by counsel leading to a late filing is not enough to constitute excusable neglect." Santos-Santos v. Torres-Centeno, 842 F.3d 163, 169 (1st Cir. 2016) (quoting Negron v. Celebrity Cruises, Inc., 316 F.3d 60, 62 (1st Cir. 2003)).

Furthermore, plaintiffs' purported belief that a settlement was forthcoming based on the emails regarding its settlement demand "exalt[ed] hope over reason." Nansamba, 727 F.3d at 38. The emails, which refer to the pending summary judgment motion, involve a settlement offer from plaintiffs' counsel but no favorable indication from defense counsel that a settlement was forthcoming.  As the First Circuit has determined "unilateral assumptions about the meaning of correspondence, without more, are insufficient to excuse neglect." Id. at 39.  In short,

> the fact that settlement negotiations are in progress does not excuse a litigant from making required court filings.

de la Torre v. Cont'l Ins. Co., 15 F.3d 12, 15 (1st Cir. 1994).

Plaintiffs' contention that the death of Patrick constitutes an exceptional circumstance is also unavailing. Although this Court is sympathetic to Patrick's parents, the First Circuit has found that an attorney's neglect is not excusable even after the death of a family member because "a lawyer's duty of diligence transcends both upheaval at work and

personal tragedy." Davila-Alvarez, 257 F.3d at 65.  Accordingly, plaintiffs' explanation for the omission does not support altering the judgment.

As for the other considerations, defendants will be unfairly prejudiced if the Court allows plaintiffs' motion.  As the Court has already concluded, defendants are entitled to summary judgment for dismissal of the claims against them by virtue of their motion and unopposed statement of material facts.  It would unfairly prejudice them to alter the judgment when plaintiffs are unlikely to succeed on the merits. See Caisse v. DuBois, 346 F.3d 213, 215-16 (1st Cir. 2003). Moreover, although plaintiffs may have acted in good faith, because the other considerations weigh against re-opening the case, the totality of the circumstances indicate that excusable neglect is lacking.  Therefore, plaintiffs' motion to alter the judgment will be denied.

## ORDER

In accordance with the foregoing, plaintiffs' motion to alter the judgment (Docket No. 33) is **DENIED.**

**So ordered.**

/s/ Nathaniel M. Gorton
Nathaniel M. Gorton
United States District Judge

Dated April 12, 2017